**SULAIMAN LAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA M. BARKAN, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CONVERSION INTERACTIVE AGENCY,<br><br>Defendants. | Case No. 5:21-cv-00262<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") PURSUANT TO 47 U.S.C. §227.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Joshua M. Barkan ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, complaining of Conversion Interactive Agency ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of himself and numerous other individuals seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, Defendant conducts business in the Central District of

California, and maintain significant business contacts in the Central District of California.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant Conversion is a company located at 5210 Maryland Way, #301 Brentwood, TN 37027. Conversion purports to assist trucking companies with driver recruitment and retention.

6. Defendant Conversion acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action

7. Defendant Conversion is a "person" as defined by 47 U.S.C. §153(39).

**FACTS SUPPORTING CAUSES OF ACTION**

8. On March 20, 2020, Plaintiff began receiving unsolicited text messages to his cellular phone number, (909) XXX-0798, from Defendant acting on behalf of HUB Group, Inc. ("HUB").

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in 0798. Plaintiff is and has always been financially responsible for this telephone and its services.

10. Around November 18, 2018, Plaintiff informed Defendant he was not interested in employment at HUB.

11. Defendant's text messages advertised an employment opportunity for hazmat truck drivers and instructed recipients to call 866-934-4050.

12. Defendant's text messages also instructed recipients to reply STOP to opt out of future messages.

13. Plaintiff was already employed and was not interested in the advertised job opportunity, so he immediately replied "STOP."

14. Failing to acquiesce to Plaintiff's demand that it stop sending text messages, Defendants continued to text Plaintiff without his consent.

15. Frustrated, Plaintiff called the number in the text messages and spoke to a representative of Defendant.

16. Defendant's representative informed Plaintiff that he could not help him opt out of the text messages and Plaintiff would need to deal with the hiring department.

17. Plaintiff hung up and called again in hopes that he could speak to a different representative who could help him. In this second phone call, Plaintiff spoke to a representative who stated he would remove Plaintiff from the list and he would no longer receive text messages.

18. Despite these two phone conversations and Plaintiff's multiple replies requesting that the text messages "Stop," Defendant continued to send unsolicited advertising text messages to Plaintiff's cellular phone without his prior consent.

19. Every time Plaintiff received a text message from Defendant, he replied "STOP" so that he would no longer receive the unwanted and unconsented to text messages.

20. Notwithstanding Plaintiff's multiple requests that Defendant cease sending text messages to his cellular phone, Defendant sent or caused to be sent numerous text messages to Plaintiff's cellular phone between March 20, 2020 and the present day, often with multiple text messages being sent within an hour.

21. The phone number Defendant use to send text messages to Plaintiff is (615) 546-0114.

22. Defendant intentionally harassed and abused Plaintiff on numerous occasions by texting multiple times, which such frequency as can be reasonably expected to harass.

**DAMAGES**

23. Defendant's conduct has severely impacted Plaintiff's daily life and general well-being.

24. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and harassing actions.

25. Defendant's phone harassment campaign has caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the text messages, aggravation that accompanies unsolicited text messages, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

**Class Allegations**

26. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Unsolicited Text Message Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) texted, (2) for substantially the same reason Defendant texted Plaintiff, (3) after they informed Defendant they no longer wished to be contacted, (4) using automated messaging.

27. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling

4

interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

28. **Numerosity**: On information and belief, there are hundreds, if not thousands members of the Classes such that joinder of all members is impracticable.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed automated text messages to consumers after being instructed they were the contacting the wrong party;

(b) whether the Defendant engaged in placed automated text messages without implementing adequate internal policies and procedures for maintaining an internal do not contact list;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither

Plaintiff nor his counsel have any interest adverse to the Classes.

31. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendants repeatedly sent or caused to be sent frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

34. The TCPA defines TFM as "equipment which has the capacity…to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

35. Alternatively, Defendants sent these texts an automated telephone dialing system

6

("ATDS") in violation of 47 U.S.C. § 227(b)(1)(iii). The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

36.   Defendants used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The automated nature of the text messages Plaintiff received similarly Defendants use of an ATDS.

37.   Upon information and belief, the system employed by Defendants to place text messages to Plaintiff's cellular phone has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

38.   Defendants violated the TCPA by placing numerous text messages to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by his demands that it cease contacting him via text messages.

39.   The text messages placed by Defendants to Plaintiff were regarding solicitation of employment and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40.   Upon information and belief, based on Defendants frequency and content of the text messages, Defendants used a TFM or ATDS.

41.   Defendants violated the TCPA by sending numerous text messages to Plaintiff's cellular phone using a TFM or ATDS without his prior consent.

42.   Any prior consent, if any, was revoked by Plaintiff's reply demanding Defendants "Stop" sending him text messages.

43.   Moreover, any prior consent, if any, was revoked by Plaintiff calling Defendants and demanding the text messages cease.

7

44. As pled above, Plaintiff was severely harmed by Defendants soliciting text messages sent to his cellular phone.

45. Upon information and belief, Defendants have no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

46. Upon information and belief, Defendants knew its marketing practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

47. Defendants, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

48. Pursuant to 47 U.S.C. 227(b)(3)(B), Defendants are liable to Plaintiff for a minimum of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendants' willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JOSHUA M. BARKAN, respectfully prays this Honorable Court for the following relief:

a. Declare Defendants' text messages to Plaintiff to be in violation of the TCPA;
b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;
c. Award Plaintiff damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);
d. Enjoining Defendants from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

| | |
|---|---|
| Date: February 16, 2021 | Respectfully submitted,<br>**JOSHUA M. BARKAN,** individually and on behalf of others similarly situated<br><br>By: */s/ Alexander J. Taylor*<br><br>Alexander J. Taylor<br>**Sulaiman Law Group**<br>2500 S. Highland Avenue<br>Suite 200<br>Lombard, Illinois<br>Telephone: 331-307-7646<br>Facsimile: 630-575-8188<br>E-Mail: ataylor@sulaimanlawgroup.com |